

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| KEON LESLIE PHILLIPS,<br>Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 8:19-00371-MGL |
| WARDEN ANTONELLI,<br>Respondent. | §<br>§<br>§<br>§ | |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE AN ANSWER OR RETURN

This case was filed as a petition for writ of habeas corpus (petition) under 28 U.S.C. § 2241 (section 2241). Petitioner Keon Leslie Phillips (Phillips) is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Phillips' petition be dismissed without prejudice and without requiring Respondent Warden Antonelli (Antonelli) to file an answer or return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on February 20, 2019, ECF No. 8, and the Clerk of Court entered Phillips' objections to the Report on March 1, 2019, ECF No. 11. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Magistrate Judge recommends Phillips fails to meet the requirements of *United States v. Wheeler*, 886 F.3d 415, 428-29 (4th Cir. 2018), to seek relief under section 2241 via 28 U.S.C. § 2255's (section 2255) savings clause. The Magistrate Judge notes Phillips was convicted of the underlying crime in Georgia, which is part of the Eleventh Circuit, and Phillips fails to show the law of either the Eleventh Circuit or the United States Supreme Court has changed so as to meet the *Wheeler* requirements. The Magistrate Judge thus suggests Phillips' petition is due to be dismissed.

Phillips first objects the Magistrate Judge incorrectly required a change in Supreme Court law for Phillips to meet the *Wheeler* requirements. Phillips, however, has misunderstood the Magistrate Judge. In her thorough analysis, the Magistrate Judge correctly noted that a change in the either the Eleventh Circuit law or Supreme Court law under which Phillips was sentenced

would enable Phillips to meet the second element of the *Wheeler* test. Accordingly, the Court will overrule Phillips' first objection to the Report.

Phillips next avers the Magistrate Judge improperly analyzed whether he could seek relief under section 2241. Having read and considered the Report, the objections, and the applicable law, the Court disagrees with Phillips.

Phillips challenges the validity of his sentence. "[I]t is well established that defendants convicted in federal court [like Phillips] are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Section 2241, by contrast, can be used to attack the execution of a sentence. *In re. Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, the proper method for Phillips to challenge the validity of his sentence is a motion under section 2255, rather than one under section 2241.

A section 2255 motion is generally the sole method for a petitioner convicted in federal court to challenge the validity of his sentence. *Rice*, 617 F.3d at 807. A petitioner may, however, seek relief under section 2241 via section 2255's savings clause when section 2255 "proves 'inadequate or ineffective to test the legality of . . . detention.'" *Vial*, 115 F.3d at 1194 (quoting 28 U.S.C. § 2255(e)). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Vial*, 115 F.3d at 1194 n.5 (citations omitted).

In *Wheeler*, the Fourth Circuit established a test for meeting section 2255's savings clause in challenging a sentence. 886 F.3d 415. To meet the *Wheeler* test, a petitioner must show: 1) the sentence was legal under settled law at the time of sentencing; 2) after petitioner's direct appeal

and first motion under section 2255, the substantive law changed, and the new law was made retroactive on collateral review; 3) petitioner is unable to meet the requirements of 28 U.S.C. § 2255(h)(2) to file a successive motion under section 2255; and 4) the sentence imposed presents a fundamental defect due to the change in the law. *Id.* at 428-29. As the Magistrate Judge correctly notes, Phillips fails to show the law of the Eleventh Circuit or the United States Supreme Court has changed since his direct appeal and first petition under section 2255. He thus fails to meet *Wheeler's* second requirement, and is unable to seek relief under section 2241. Accordingly, the Court will overrule Phillips' second objection to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Phillips' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Phillips' petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Antonelli to file an answer or return.

To the extent Phillips requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of March, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.